**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4719-17T3

MIA ALERS-ALVIRA,

     Plaintiff-Appellant,

v.

RED LOBSTER RESTAURANT,
INC. (d/b/a RED LOBSTER #6314),
RED LOBSTER HOSPITALITY,
LLC, RED LOBSTER MANAGEMENT,
LLC, THE PLAZA AT HARMON
MEADOW, and HARTZ MOUNTAIN
INDUSTRIES,

     Defendants-Respondents.

_____

Submitted September 25, 2019 – Decided August 19, 2020

Before Judges Fuentes and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3263-16.

The Vespi Law Firm, attorneys for appellant (Sasha C. Intriago, on the brief).

Lewis Brisbois Bisgaard & Smith LLP, attorneys for respondents Red Lobster Restaurants, LLC, Red

Lobster Hospitality, LLC and Red Lobster Management, LLC (Colin Paul Hackett and Afsha Noran, of counsel and on the brief).

Kirmser, Lamastra, Cunningham & Skinner, attorneys for respondents Harmon Meadow Plaza, Inc., The Plaza at Harmon Meadow and Hartz Mountain Industries, Inc. (Peter K. Barber, of counsel and on the brief).

PER CURIAM

Plaintiff Mia Alers-Alvira appeals from the order entered by the Law Division granting summary judgment and dismissing with prejudice her personal injury cause of action against defendants Red Lobster Restaurant, Inc., (d.b.a. Red Lobster #6314), Red Lobster Hospitality, LLC, Red Lobster Management, LLC (Red Lobster), the Plaza at Harmon Meadow (Harmon Meadow), and Hartz Mountain Industries Inc. (Hartz). Plaintiff alleges she was injured when she slipped on the last of three steps that led to the entrance/exit pathway of Red Lobster. She claims that Red Lobster's management staff was aware that pedestrian foot traffic left an oily residue on these concrete steps that required daily inspection and regular power-washing. Plaintiff argues Red Lobster negligently failed to follow its own protocol on the day she fell. We agree with plaintiff and reverse.

On October 6, 2014, plaintiff, then twenty-four-years-old, had lunch at the Red Lobster restaurant located in the Town of Secaucus. A customer may enter

the restaurant by either walking up three steps constructed out of gray concrete or cement with metal or raw iron hand-rails on each side, or use a ramp adjacent to these steps. Plaintiff testified at her deposition that she used the stairs when she entered the restaurant at approximately 1:00 p.m., and she used them again when she left at 1:50 p.m. She described the weather as "misting." She explained what happened next as follows:

> [W]hen I was going downstairs, I placed my right foot first, I placed my left foot on the second step. It slipped. When I placed the right foot on the last step, it slipped. I twisted my leg in and I fell on my hands with my left foot out.
>
> . . . .
>
> And when I was getting up, there was a lot of business people, I guess everybody was at their lunch. And I kind of turned around to brace my hand to get up, and people were there helping me. The step felt like a filmy, oily residue on there. It felt like somebody literately poured some oil on there.

Plaintiff did not know the nature of this "filmy, oily residue."

Terence Greenberg was the manager of the Secaucus Red Lobster at the time of plaintiff's accident.[1] He was employed in this capacity from December

---

[1] Plaintiff's counsel deposed Greenberg on March 12, 2018, seventeen days before defendants' summary judgment motion was listed for oral argument before the trial court. Plaintiff's counsel did not provide the motion judge with

30, 2013 through September 2015. He was thereafter transferred to manage the Red Lobster in Wayne Township. At the time of his deposition in this case, Greenberg had been promoted to general manager.

Greenberg's duties as the manager of the Secaucus Red Lobster included keeping the premises of the restaurant safe, and maintaining the outside steps and adjacent ramp that led to the restaurant's entrance. He inspected the property on a daily basis to ensure that "everything looked, you now, as it should." A&E Home Improvements came every Monday while Greenberg was the manager to power wash the exterior of the restaurant, including the steps. This practice started before plaintiff's accident. Greenberg testified the steps had at times a "filmy, oily residue," a grease that came from the patrons' shoes because this was a "highly trafficked area." He never received a complaint from a patron about the condition of the steps, except when it was raining or snowing.

Plaintiff retained Michael G. Natoli, P.E., as a consulting engineer and her expert witness on liability. He inspected the entrance steps on April 18, 2015, and concluded that "the prior filmy, oily residue coating the stairway areas and lack of proper nosing delineation are causes of the plaintiff's injury." Natoli

---

the transcript of Greenberg's deposition until two days before oral argument. The judge graciously accepted this late submission.

also opined that the exterior step where plaintiff slipped and fell "violate[d] [the] municipal ordinance[s] for the Town of Secaucus." According to Natoli, the steps "fail[] to provide suitable delineation along the stair end limits[]" and "pose[] a distinct hazard for pedestrians." He also opined that "the lack of proper maintenance afforded to the stairway areas yielded unsafe conditions for pedestrians."

We review the trial court's grant of summary judgment in favor of Red Lobster using the same standard that the trial court employed. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). We view all the facts presented by the parties in the light most favorable to plaintiff as the nonmoving party, including any reasonable inferences that can be made therefrom. R. 4:46-2(c). Summary judgment should only be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and the moving party is entitled to judgment as a matter of law." Ibid.

On the day defendants' motion for summary judgment came before the court, the judge reserved decision at the conclusion of oral argument.[2] In an order issued nineteen days later, the judge granted Red Lobster's motion for

---

[2] The parties stipulated that Hartz did not have any liability in this case.

summary judgment and dismissed plaintiff's complaint as a matter of law. The judge provided the following statement of reasons below her signature:

> The [r]ecord as well as the [t]ranscript of Terrence Greenberg establishes that Red Lobster had control over the steps on prior occasions. Moreover, while the record is clear that Red Lobster was responsible for cleaning the steps, there were no facts presented to this [c]ourt that [d]efendant had notice of any defect on the day of [p]laintiff's fall. With respect to the grease, there is no indication that grease accumulated on the steps. (Greenberg Transcript T23:1-24; T30:14). For these reasons, this Motion for Summary Judgment is Granted.

Based on the record before the motion judge and mindful of the relevant standard of review, we reverse. At the time of the accident, Red Lobster acknowledged through the testimony of its manager that it was aware that pedestrian foot traffic left an oily residue on the steps leading to the restaurant's entrance. The manager testified that he visually inspected the steps on a daily basis, had an outside company power wash the outside area, including the steps every week, and required restaurant employees to keep the area free from snow and ice during winter. Finally, the manager was not at work on the day of the accident and there is no evidence that another employee assumed all of his responsibilities, including reviewing the condition of the steps on the day of the accident.

6

From these facts, a rational jury can find: (1) Red Lobster was aware that the steps to the entrance of the restaurant could become hazardous from the oily residue left behind by the customers' shoes; (2) Red Lobster was negligent when it failed to designate an employee to inspect the steps in the manager's absence; and (3) this omission was a proximate cause of plaintiff's accident. We conclude there is enough in this record for plaintiff to survive summary judgment.

Reversed and remanded for trial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4719-17T3